UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-120(2) (ECT)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AXEL RENE KRAMER,

    Defendant.

**GOVERNMENT'S SENTENCING MEMORANDUM**

For the following reasons, the United States recommends that Defendant Axel Rene Kramer receive a sentence of 180 months imprisonment. The United States believes that a sentence of 180 months imprisonment, which is a Guidelines sentence and the mandatory minimum term of imprisonment, is sufficient, but not greater than necessary, to comport with the Section 3553(a)(2) sentencing factors.

**I.    Relevant Facts**

**A. Offense Conduct**

Kramer was indicted on June 15, 2022 in an indictment charging him with Conspiracy to Distribute 50 Grams or More of Actual Methamphetamine, in violation of 18 U.S.C. § 924(c) and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(b)(1)(A). Kramer entered a guilty plea pursuant to a plea agreement on January 5, 2024. The circumstances of the offense are set forth in the Presentence Investigation Report (the "PSR," ECF No. 104).

Kramer was incarcerated at the Minnesota Correction Facility in Stillwater, Minnesota. Kramer had previously been convicted of murder and was serving his

term of imprisonment. While in MCF Stillwater, Kramer participated in a conspiracy to smuggle methamphetamine into the prison.

Kramer used a corrections officer, his co-defendant Faith Gratz, to smuggle the drugs into the facility. Shortly after Gratz began work as a corrections officer, Kramer asked Gratz to smuggle a cell phone into the prison—which Gratz did. Kramer then asked Gratz to smuggle methamphetamine packages into the prison and give them to him while she was guarding him. Gratz agreed to do so, and smuggled methamphetamine into the prison on several occasions.

At some point during the conspiracy, guards at the prison received a tip that Kramer was in possession of an illicit cell phone. Prison guards searched his cell and recovered the phone. On the phone, law enforcement found thousands of text messages between Kramer and Gratz. Many of the messages were mundane or discussed a burgeoning romantic relationship between Kramer and Gratz. However, numerous times over the several months of messaging, Kramer instructs Gratz on obtaining drugs from a source of supply outside the prison and smuggling those drugs into the prison to give to Kramer.

In April 2022, after recovering Kramer's cell phone, law enforcement searched Gratz as she was entering the prison for her shift. They also searched her car, where they found a package containing approximately a half a pound of methamphetamine. Gratz admitted that she was planning on bringing the package into the prison to provide to Kramer, at his direction.

### B. Defendant's Criminal History

Although Kramer only has one prior adult criminal conviction that includes points towards his criminal history calculation, that conviction is for a 2007 second degree murder charge. That case involved the brutal murder of a victim, who was shot in the back of the head multiple times and left next to a burning stolen car. For his participation in the murder, Kramer received a sentence of 288 months imprisonment. (PSR ¶ 43.)

### C. Defendant's Personal History

Kramer's upbringing was filled with no shortage of challenges. He was born in Guatemala and lived in the foster care system for the first seven years of his life. He was later adopted by a couple in Minnesota and grew up on that family's farm. Although he was well-provided for in many ways, his adopted mother was physically and emotionally abusive. During his teenage years, he struggled with numerous run ins with the law. He has been continuously incarcerated since he was approximately 20 years old related to the state murder offense.

## II. Argument

### A. Legal Background

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "[U]nder the advisory guidelines scheme, sentencing judges are required to find sentence-enhancing facts only by a preponderance of the evidence." *United States v. Scott*, 448 F.3d 1040, 1043 (8th Cir. 2006).

"[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49-50; 18 U.S.C. § 3553(a). The Section 3553(a) factors include "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

### B. The Presentence Investigation and Guidelines Calculations

The United States has reviewed the PSR prepared by the U.S. Probation Office. The United States did not object to the PSR. The PSR conclude that total offense level is 31 and the criminal history category is II. Based on this, the Guidelines range for term of imprisonment is 180 months, which is the statutorily required minimum sentence. (PSR ¶ 84.)

### C. The Appropriate Sentence

A careful consideration of the Section 3553(a) factors warrants a sentence of 180 months imprisonment.

1. <u>The Nature and Circumstances of the Offense.</u>

Kramer's conduct was unquestionably serious and warrants a correspondingly significant sentence. He smuggled methamphetamine into a prison with the intent to distribute those drugs to other inmates. There may be no more dangerous place for a drug like methamphetamine than within a prison. Kramer's actions made the already

4

dangerous job of a corrections officer even more difficult and dangerous. Kramer's serious conduct deserves a correspondingly serious sentence.

    2.    <u>The History and Characteristics of the Defendant.</u>

Kramer had a challenging upbringing and has been inextricably intertwined with the criminal justice system from a young age. Although he had previously received a significant sentence—288 months imprisonment for a murder conviction—that sentence did not persuade Kramer to remain law abiding. Far from it. Instead he continued to commit crimes while incarcerated. All of the previous sentences have failed to deter Kramer's continued criminal conduct and his repeated conduct warrants a significant sentence.

    3.    <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Afford Adequate Deterrence</u>

In light of the seriousness of the offense, Kramer requires a significant sentence to prevent him from committing another crime. As explained above, his other convictions and prison terms have not deterred him from continued criminal activity. The Court should impose a significant sentence directed to prevent Kramer from reoffending.

General deterrence is also necessary to demonstrate the importance of laws prohibiting convicted felons from possessing firearms. *See Ferguson v. United States*, 623 F.3d 627, 632 (8th Cir. 2010) ("Congress specifically made general deterrence an appropriate consideration . . . and [the Eighth Circuit has] described it as 'one of the key purposes of sentencing.'") Kramer and others are more likely to be deterred from smuggle drugs into prison if they learn they will pay a stiff price for it. A significant

5

sentence will promote respect for the law and reflect the serious risks to the community of illegally possessing—and using—a firearm.

A sentence of 180 months imprisonment will serve the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes by Kramer.

### III. Conclusion

For all the above reasons, the United States respectfully requests that the Court impose a sentence of 180 months imprisonment.

Respectfully submitted,

Dated: April 8, 2024

ANDREW M. LUGER
United States Attorney

/s/ *Harry M. Jacobs*

BY: HARRY M. JACOBS
Assistant U.S. Attorney