## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

United States of America,

                          Plaintiff,

      vs.

Axel Rene Kramer,

                          Defendant.

**Defendant's Position Regarding Sentencing**

Case No.:  0:22-CR-00120

## ATTORNEYS OF RECORD

**Defense Counsel**
Nicole L. Bredahl
Tracy E. Reames
Attorney at Law
3431 4th Avenue S., Suite 200
Fargo, ND  58103
Tele:  (701) 532-2498
E-Service:
eservice@barkuslawfirm.com
Nicole@barkuslawfirm.com
tracy@barkuslawfirm.com

**Assistant U.S. Attorney**
Harry Jacobs
Assistant United States Attorney
District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415
Tele: (612) 664-5758
harry.jacobs@usdoj.gov

## OFFENSE LEVEL COMPUTATION

### Base Offense Level

The Sentencing Guidelines §2K2.1 assigns a base offense level of **32**. PSI Pg. 4,

¶19. Pursuant to the plea agreement, the parties agree that this offense involves at least

200 grams of actual methamphetamine. USSG §§ 2D1.1(a)(5) and (c)(4).

### Offense Characteristics

*Special Offense Characteristics:* If the object of the offense was the distribution of

1

a controlled substance in a prison, there is a +2 level increase. This results in an adjustment of +2 levels. USSG §2D1.1; PSI Pg. 4, ¶20.

**Adjusted Offense Level (Subtotal): 34, PSI Pg. 4, ¶24.**

**Mitigating Characteristics**

*Acceptance of Responsibility.*  Mr. Kramer has clearly demonstrated acceptance of responsibility for his offense.  This results in an adjustment of -2 levels. USSG §3E1.1(a); PSI Pg. 4, ¶ 26.

*Acceptance of Responsibility – Further.*  Mr. Kramer assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the Government of his intention to enter a plea of guilty the date in which the Information was filed by the United States.  Mr. Kramer thereby permitted the Government to avoid preparing for trial and permitted the Government and the Court to allocate their resources efficiently.  This results in an adjustment of -1 level.   USSG §3E1.1(b); PSI Pg. 4, ¶ 27.

**Total Offense Level: 31, PSI Pg. 4, ¶28.**

**OFFENSE LEVEL / CRIMINAL HISTORY**

An offense score of 31 and a criminal history of II under the Sentencing Guidelines provides for a range of 121-151 months. However, the minimum mandatory is 15 years. Therefore, the guidelines term is 180 months pursuant to USSG §5G1.1(b). PSI Pg. 17, ¶84

**BUREAU OF PRISON DESIGNATION**

Mr. Kramer respectfully requests that the Court recommend placement at the Bureau of Prisons lowest level security facility possible closest to Texas, that also has the RDAP program, so that he can be screened for eligibility for that program.

## SENTENCING RECOMMENDATION

Following <u>United States v. Booker</u>, 543, U.S. 220 (2005) the Guidelines are advisory, not mandatory. A sentence below the Guideline range does not require extraordinary circumstances or the use of rigid mathematical formulae. <u>Id.</u> at 47. The Court should consider all the 18 U.S.C. Section 3553(a) factors to determine whether they support the sentence requested by a party, without presuming the guideline range is reasonable. <u>Id.</u> at 49-50. In considering those factors, "the Court 'shall impose a sentence sufficient, but not greater than necessary' to comply with sentencing goals, considering the nature and seriousness of the offense, the history and characteristics of the defendant, and the need for the sentence to provide justice, deterrence, and other goals of punishment." <u>United States v. Pappas</u>, 452 F.3d 767, 773 (8th Cir. 2006).

According to <u>United States v. Francis</u>, 462 F.3d 810 (8th Cir. 2006), courts in the Eighth Circuit Court of Appeals follow a three-step process when imposing a sentence. First, the court determines a proper sentencing guidelines range. Second, the court determines whether a departure is warranted under the guidelines. Third, the court looks to 18 U.S.C. § 3553(a) to determine if a variance is warranted.

When conducting this sentencing process, the court should be guided by the Supreme Court's holding in <u>Rita v. United States</u>, 551 U.S. 338 (2007). In <u>Rita</u>, the Supreme Court held that a sentencing court is to apply a sentence that is "sufficient, but not greater than necessary" to meet the sentencing goals laid out in § 3553(a). <u>Id.</u> Under <u>Rita</u>, the sentencing court may impose a sentence lower than the guidelines contemplate because the case does not fall within the "heartland" of cases to which the guidelines

3

intended to apply, because the recommended sentence under the guidelines does not meet the goals of § 3553(a), or because the case warrants a lower sentence regardless of the guidelines. Id. Thus, a sentencing court is free to impose a sentence lower than the guidelines recommend in order to meet the goals of sentencing contemplated by § 3553(a) (stating factors such as age, education, mental condition, drug or alcohol addiction can now be considered by the sentencing court).

 "A post-Booker sentence normally should be determined in a sequential manner, with the district court first determining the applicable guideline range, then determining whether any traditional guideline departures are warranted, and finally considering the possibility of varying from the guideline sentence based on the factors in § 3553(a). United States v. Coyle, 506 F.3d 680, 683 (8th Cir. 2007). The sequential ordering process was developed to maintain distinction between sentencing "departures" and "variances." Id. After reviewing the sentencing factors in 18 U.S.C. § 3553(a), the court may then consider a variance pursuant to 3553(a) factors.

In determining an appropriate sentence, the court in this case must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for – the applicable category of offense committed by the applicable category of defendant; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a). In reviewing these factors, the court must impose a sentence sufficient but not greater than necessary to comply with the purposes of

4

sentencing.  Id.

**Request for Sentencing Guidelines Departure**

The parties acknowledged in page 7 of the plea agreement that the Court may depart from the sentencing guidelines. Specifically, Mr. Kramer requests that the court depart from the 180 months range and instead impose a sentence within the previous applicable range of 135 months. Mr. Kramer has completed his sentence that was imposed in 2007 in state court. It is unrelated to the underlying conduct in this case. The 135-month recommendation considers the above and also Mr. Kramer's background history. This sentence would fill the sentencing goals and satisfies the general purposes of sentencing including the need for the sentence imposed to reflect the seriousness of the offense and to provide just punishment for the offense.  The positions stated herein would achieve a sentence sufficient, but not greater than necessary, to comply with purposes and factors outlined in 18 U.S.C. §3553(a)(2).

Regarding credit for time served and a concurrent/consecutive sentence, federal courts generally "have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings." See Setser v. United States, 566 U.S. 231, 236 (2012); 18 U.S.C. § 3584(a). Exercise of that discretion, however, is predicated on the court's consideration of the factors listed in 18 U.S.C. § 3553(a), including any applicable guidelines or policy statements issued by the Sentencing Commission. The case Mr. Kramer is being sentenced for is unrelated in conduct to the sentence he was serving in state custody.  Counsel is aware the Court cannot

depart from the fifteen (15) year mandatory minimum but is requesting this Court run this sentence concurrent with the state sentence Mr. Kramer was serving while in he was on writ in federal custody. The recommendation of either the 135-month sentence or to run this sentence concurrent with the State sentence would be the same. That sentence also expired while Mr. Kramer sat in federal custody. Because his plea agreement calls for an extra 2-point enhancement because of the special offense characteristics of the offense occurring in a prison facility, he is already facing additional time on his sentence. Thus, Mr. Kramer requests that he receive credit for time served since his indictment in this matter and have the sentences run concurrently.

## 18 U.S.C. § 3553(a) SENTENCING FACTORS

The Sentencing Guidelines are no longer mandatory. United States v. Booker, 543 U.S. 220 (2005). A sentence below the Guideline range does not require extraordinary circumstances or the use of rigid mathematical formulae. Id. at 47. The Court should consider all the 18 U.S.C. Section 3553(a) factors to determine whether they support the sentence requested by a party, without presuming the guideline range is reasonable. Id. at 49-50. In considering those factors, "the Court 'shall impose a sentence sufficient, but not greater than necessary' to comply with sentencing goals, considering the nature and seriousness of the offense, the history and characteristics of the defendant, and the need for the sentence to provide justice, deterrence, and other goals of punishment." United States v. Pappas, 452 F.3d 767, 773 (8th Cir. 2006).

1. <u>**The nature and circumstances of the offense and the history and characteristics of the defendant.**</u>

Mr. Kramer timely signed a plea agreement and allowed the United States to allocate its resources to other matters. Mr. Kramer is 36 years old. He has been incarcerated since 2007 on another matter. He was in foster care until he was 7 years old. He was born in Guatemala and does not know who his biological parents are. He suffered physical and sexual abuse as a young child in Guatemala. He then was adopted at age 7 and came to the United States to live in Minnesota with his adoptive parents. Although he was brought to the United States for a new life, Mr. Kramer grew up in a home filled with mental illness and mental and physical abuse. This trauma is something Mr. Kramer carries with him today. Mr. Kramer has been diagnosed with PTSD due to the trauma he has experienced in his life. During his time in-custody, Mr. Kramer has participated in various groups such as groups addressing trauma, grief, and also DBT.

Additionally, Mr. Kramer has used any educational and therapeutic services he had access to while in custody. Mr. Kramer has completed a number of college courses to better himself.  Mr. Kramer is trying to set himself up for success once released.  Mr. Kramer desires to be a productive member of society.

While in prison, co-defendant Gratz, an authority figure who had control over his prison job and other matters, established a friendly relationship with him where Mr. Kramer was able to confide in her some of his family health issues that were occurring. Gratz offered to bring him in a phone so that he could communicate more with his family. Gratz was kind to Mr. Kramer and had the power dynamic in their relationship due to her position

and his as an inmate. Mr. Kramer enjoyed his prison job and wanted to keep it. Thus, it was necessary to keep Gratz happy. Mr. Kramer acknowledges his conduct was wrong and takes responsibility. However, there are several dynamics to Mr. Kramer's involvement in this offense, and a big one is the power his co-defendant had over Mr. Kramer. Additionally, Mr. Kramer's addiction history as to both alcohol and controlled substances played a big role in the underlying conduct as well.

2.    **The need for the sentence imposed.**

Section 3553(a)(2) provides several factors the Court should consider in determining the need for the sentence imposed.

a.    **To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

The length of the sentence that Mr. Kramer respectfully request the Court to impose reflects the seriousness of his actions that he has pled guilty to in the plea agreement. The length of the proposed sentence recommendation promotes respect for the law and provides just punishment for his actions. It also considers the assistance that Mr. Kramer has provided the government in this case by entering into a plea agreement instead of proceeding to trial.

b.    **To afford adequate deterrence to criminal conduct.**

The fact of Mr. Kramer's arrest and current incarceration throughout his case pendency, and after his case, will deter others from engaging in similar conduct. Instead of being released from prison on the original case he was serving, he will remain in custody. The deterrent effect of any extensive incarceration other than the recommended sentence

by Mr. Kramer's counsel would be of marginal value. Mr. Kramer will be able to participate in treatment and programming while in federal prison that will help him achieve important skills needed to remain sober and to be a productive member of society upon his release. While in custody at Sherburne County, Mr. Kramer completed a variety of programming, which is reflected in exhibit 1 – course transcript. These courses range from short length courses to ones that required a lengthier period of commitment. Mr. Kramer used his time wisely while in custody in furthering his education.

      c.  **To protect the public from further crimes of the defendant**.

As noted on page 3 at paragraph 14 in the PSR, there is no identifiable victim in this case.

      d.  **To provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner**.

Mr. Kramer desires to further his educational and vocational training. As evidenced by exhibit 1 – course transcript, Mr. Kramer has the capabilities to complete various courses involving multiple topics and varying in length. Mr. Kramer is intelligent and motivated and will continue to participate in programming and educational courses while serving his sentence in this case. Mr. Kramer earned his GED while incarcerated at the Minnesota Correctional Facility in Stillwater, Minnesota in approximately 2010. He then took classes towards his associate degree in business management. He has received several certifications, including as an electrician, working with biohazard waste, and as a welder. Mr. Kramer has held several jobs while serving his sentence, including as an electrician

and welder. Since his transfer to the Sherburne County Jail, he earned a position as a porter. Upon Mr. Kramer's release from prison, Mr. Kramer is interested in becoming a barber, working with animals like he did as a child and/or he may return to school. The defendant is also a skilled artist and may explore that avenue further as well.

**3.     The kinds of sentences available.**

Pursuant to Mr. Kramer's argument above, Mr. Kramer asks the court to depart from the 180 months and instead impose a sentence of 135 months or recommend to the Bureau of Prisons to run the sentences concurrent. Mr. Kramer would also like to be considered for participation/screening for the RDAP program. Mr. Kramer would be willing to be screened for this program and would like the Court to recommend that he be able to be screened for eligibility for this program. As discussed in the PSR, Mr. Kramer was first exposed to alcohol at a very young age. He has an extensive history of alcohol and substance abuse addiction, and desires organized, structured treatment to address this. He has successfully completed various courses and groups while incarcerated, and would be a good candidate for assessment for suitability for the RDAP programming.

**4.     The kinds of sentence and sentencing range established for.**

Currently, there has been no claim for restitution, and it is not anticipated that there will be one. The plea agreement achieves a sentence sufficient, but not greater than necessary, to comply with purposes and factors outlined in 18 U.S.C. §3553(a)(2).

**5.     Policy statements by sentencing commission.**

There are no current policy statements issued by the Sentencing Commission which would affect Mr. Kramer's sentencing.

6.     **<u>Avoiding unwarranted sentence disparities</u>**.

There is one co-defendant in this case. She has not been sentenced yet.

7.     **<u>Provision of restitution to victims</u>**.

There has been no claim for restitution at this time, and there is no anticipation of

one.

Dated: April 8, 2024.

                          Respectfully submitted,

                          BARKUS LAW FIRM, P.C.

                          Tracy E. Reames MN ID 0396981
                          Nicole L. Bredahl MN ID 0398201
                          3431 4th Avenue South, Suite 201
                          Fargo, North Dakota 58103
                          Tele: (701) 532-2498
                          E-Service: eservice@barkuslawfirm.com
                          Email: nicole@barkuslawfirm.com
                          tracy@barkuslawfirm.com
                          ATTORNEYS FOR DEFENDANT