UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-120(1) (ECT)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FAITH ROSE GRATZ,

        Defendant.

**GOVERNMENT'S SENTENCING MEMORANDUM**

For the following reasons, the United States recommends that Defendant Faith Gratz receive a guidelines sentence. The United States believes that such a sentence is sufficient, but not greater than necessary, to comport with the Section 3553(a)(2) sentencing factors.

### I. Relevant Facts

### A. Offense Conduct

Gratz was indicted on June 15, 2022 in an indictment charging her with Conspiracy to Distribute 50 Grams or More of Actual Methamphetamine, in violation of 18 U.S.C. § 924(c) and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(b)(1)(A). Gratz entered a guilty plea pursuant to a plea agreement on September 7, 2022. The circumstances of the offense are set forth in the Presentence Investigation Report (the "PSR," ECF No. 76).

Gratz worked as a Correctional Office at the Minnesota Correction Facility in Stillwater, Minnesota. On numerous occasions, Gratz smuggled methamphetamine into the prison for her co-defendant, Axel Kramer, who was incarnated at the facility.

Kramer used Gratz to smuggle the drugs into the facility. Shortly after Gratz began work as a corrections officer, Kramer asked Gratz to smuggle a cell phone into the prison—which Gratz did. Kramer then asked Gratz to smuggle methamphetamine packages into the prison and give them to him while she was guarding him. Gratz agreed to do so, and smuggled methamphetamine into the prison on several occasions.

At some point during the conspiracy, guards at the prison received a tip that Kramer was in possession of an illicit cell phone. Prison guards searched his cell and recovered the phone. On the phone, law enforcement found thousands of text messages between Kramer and Gratz. Many of the messages were mundane or discussed a burgeoning romantic relationship between Kramer and Gratz. However, numerous times over the several months of messaging, Kramer instructed Gratz on how to obtain drugs from a source of supply outside the prison and smuggling those drugs into the prison to give to Kramer.

In April 2022, after recovering Kramer's cell phone, law enforcement searched Gratz as she was entering the prison for her shift. They also searched her car, where they found a package containing approximately a half a pound of methamphetamine. Gratz admitted that she was planning on bringing the package into the prison to provide to Kramer, at his direction.

**B. Defendant's Criminal History**

Gratz has no prior criminal history apart from this offense.

### C. Defendant's Personal History

Gratz was born in Minneapolis, Minnesota. Gratz came from a family of corrections officers—her father and two siblings are all corrections officers. Gratz grew up in a loving and supportive home. Gratz had a fairly normal childhood, attending school and playing sports.

Gratz graduated from high school in 2016, then attended two years of post-secondary education. After that, she focused on finding employment in security and corrections. Gratz married in 2021. During the pendency of this case, her husband died unexpectedly. Her husband worked as a correctional officer at the same facility.

## II. Argument

### A. Legal Background

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "[U]nder the advisory guidelines scheme, sentencing judges are required to find sentence-enhancing facts only by a preponderance of the evidence." *United States v. Scott*, 448 F.3d 1040, 1043 (8th Cir. 2006).

"[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49-50; 18 U.S.C. § 3553(a). The Section 3553(a) factors include "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for

deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

### B. The Appropriate Sentence

A careful consideration of the Section 3553(a) factors warrants a guidelines sentence.

#### 1. The Nature and Circumstances of the Offense.

Gratz's conduct was unquestionably serious and warrants a correspondingly significant sentence. She smuggled methamphetamine into a prison with the intent to distribute those drugs to inmates. She did so while being employed as a corrections officer. There may be no more dangerous place for a drug like methamphetamine than within a prison. Gratz's actions made the already dangerous job of a corrections officer even more difficult and dangerous.

Moreover, Gratz used her position as a corrections officer—and the public trust that goes along with it—to commit this crime. She turned her back on her fellow corrections officers, put their safety at risk, and tarnished the good reputation of hard working and honorable corrections officers. Gratz's serious conduct deserves a correspondingly serious sentence.

#### 2. The History and Characteristics of the Defendant.

There is nothing about Gratz's background or upbringing that would have suggested she would one day abdicate her duties as a corrections officer to smuggle drugs into a prison facility for a convicted murderer. She came from a family of corrections officers, and by all accounts, became a corrections officers out of a desire to follow in their footsteps.

3. <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Afford Adequate Deterrence</u>

In light of the seriousness of the offense, Gratz requires a significant sentence. General deterrence is necessary to demonstrate the importance of laws prohibiting those in public service, like correctional officers, from abusing their positions of public trust. Gratz and others are more likely to be deterred from abusing their power to smuggle drugs into prison if they learn they will pay a stiff price for it. A significant sentence will promote respect for the law and reflect the serious risks to the community, as well as the break down in public trust, when correctional officers violate the law.

A guidelines sentence of imprisonment will serve the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public.

## III. Conclusion

For all the above reasons, the United States respectfully requests that the Court impose a guidelines sentence of imprisonment.

Respectfully submitted,

Dated: November 1, 2024

ANDREW M. LUGER
United States Attorney

/s/ *Harry M. Jacobs*

BY: HARRY M. JACOBS
Assistant U.S. Attorney